**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMES C. SCOTT, | : | |
| Plaintiff, | : | Civil No. 06-1339 (JBS) |
| v. | : | |
| VINCENT SARUBBI, et al. | : | **O P I N I O N** |
| Defendants. | : | |

**APPEARANCES:**

James C. Scott, Pro Se
Camden County Correctional Facility
#163870
PO Box 90431
Camden, NJ 08102

**SIMANDLE, District Judge**

Plaintiff, James C. Scott, currently incarcerated at the Camden County Correctional Facility, Camden, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff states that defendant, Vincent Sarubbi, the Prosecutor for Camden County, has violated his constitutional rights by failing to accept his recantation of the crime for which he has been arrested, and for "refusing to follow the directions of the Court."  Plaintiff states that defendant Michael Friedman, a Deputy Public Defender for Camden County has violated his constitutional rights by failing to interview him in a timely manner, and failing to file a motion for bail reduction.  Plaintiff also cites to other incidents concerning pretrial events which he believes violated his rights.

Plaintiff asks for release from confinement and monetary relief.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are

routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.      42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.      Plaintiff's Claims Will Be Dismissed.**

Plaintiff states that defendant Friedman, the Deputy Public Defender assigned to his case, has violated his constitutional rights.  However, the claims against this defendant will be dismissed, because he is not a "state actor," or "acting under color of state law," as required by 42 U.S.C. § 1983.  Defense

4

counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).[1]

Further, as to defendant Sarubbi, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Thus, defendant Sarubbi, as a prosecutor, is immune from suit against Plaintiff's allegations concerning his presentation of the State's case.

The Court further notes that Plaintiff's request for release from confinement is not proper relief in a suit under section 1983.  See Preiser v. Rodriguez, 411 U.S. 475 (1973)(holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

---

[1] The Court also notes that because it appears that Plaintiff's criminal charges remain pending, he must raise any constitutional challenges in the course of his criminal case; a federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).

determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Therefore, this Court must dismiss the complaint against defendant Friedman for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The complaint against defendant Sarubbi will be dismissed for seeking monetary relief from an immune defendant, pursuant to §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

## CONCLUSION

Based upon the foregoing, Plaintiff's complaint will be dismissed.  The Court will file an appropriate Order.


**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge


Dated:     **June 9, 2006**